**IN THE COURT OF APPEALS OF IOWA**

No. 22-2046
Filed March 29, 2023

**IN THE INTEREST OF B.H.-S. and L.C.,**
**Minor Children,**

**K.G., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Polk County, Romonda Belcher, District Associate Judge.

A mother appeals the termination of her parental rights to two children. **AFFIRMED.**

Stephen K. Allison of Stephen Allison Law, PLLC, Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Lynn Vogan, Des Moines, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

The Iowa Department of Health and Human Services became involved with this family in 2021 when K.G., the mother, gave birth to L.C., who tested positive for amphetamine at birth. The mother admitted to using methamphetamine the week before the infant was born and hospital staff reported her behaviors while in the hospital were indicative of substance use. The mother previously had her rights to eight older children terminated. Another child—B.H.-S., born in 2016— was in the mother's care, but was staying with one of the mother's friends.[1] Beyond the drug use, the department was also concerned about the mother's housing instability and her mental health. The juvenile court ordered the temporary removal of both children from the mother, and they were adjudicated CINA.

At a permanency hearing in July 2022, the juvenile court learned that the mother had been discharged from her mental-health treatment for nonattendance. Worse yet, she continued to either miss drug screens or test positive for methamphetamine. At the recommendation of the older child's therapist, who noted the older child was becoming increasingly confused about the future and struggling with the uncertainty, the department caseworker put visits on hold until the mother began engaging with substance-abuse and mental-health treatment. To her credit, the mother was a week into inpatient substance-abuse treatment— but, after the permanency hearing, she left treatment immediately.

---

[1] B.H.-S. and two siblings were previously adjudicated children in need of assistance (CINA), and the CINA case closed in 2018 with the three children in the care of the mother's ex-paramour. After the case closed, B.H.-S. moved around between the mother and the mother's friends and was staying with a friend of the mother's when the mother gave birth.

The termination hearing took place in October 2022. The State sought to terminate the mother's parental rights under Iowa Code section 232.116(1)(b), (f), (g), (h), and (*l*) (2022). At that time, the mother had recently completed an updated substance-abuse evaluation, in which she was diagnosed with methamphetamine use disorder, severe, and was again recommended to complete inpatient treatment. The day of her evaluation, she tested positive for methamphetamine. And as of the termination hearing, she was not engaged with substance-abuse treatment and consistently cancelled mental-health appointments. The mother maintained housing for the two months leading up to the termination hearing, but she refused to cooperate with the department so they could do a walk-through of the residence. And as visits were still on hold, the mother would occasionally call the foster family to speak with the older child on the phone. For their part, the children were doing well in their pre-adoptive foster home and had a strong sibling bond. The juvenile court ultimately terminated the mother's rights to both children under section 232.116(1)(b) and (*l*), to B.H.-S under (f), and to L.C. under (h).[2]

We review termination of parental rights de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). Iowa Code section 232.116(1)(f) and (h)[3] share a common fourth element, which is the only element of either that the mother challenges—finding "[t]here is

---

[2] The fathers' parental rights were also terminated. No father appeals.
[3] Section 232.116(1)(f) relates to children four years of age or older, while (h) covers children three years of age or younger.

clear and convincing evidence that the child[ren] cannot be returned to the custody of the child[ren]'s parents as provided in section 232.102 at the present time." *See* Iowa Code § 232.116(1)(f)(4), (h)(4). At the termination hearing, the mother acknowledged she could not take the children at that time, but instead asked for six additional months—a request she does not re-raise on appeal. And "[a]t the present time" means the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). "We have long recognized that an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children." *A.B.*, 815 N.W.2d at 776; *see also In re J.P.*, No. 19-1633, 2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020) ("'Methamphetamine is a scourge.' . . . A parent's methamphetamine use, in itself, creates a dangerous environment for children." (citations omitted)). The mother provided a positive drug screen in the month before the termination hearing and had gone stagnant in her treatment. She was not managing her mental health. As the mother failed to follow the specific directives of the department by the time of the termination hearing, she was not close to preparing herself for successful parenting and, in any event, the children were unable to return to her at that time. We affirm termination of the mother's parental rights under section 232.116(1)(f) and (h).

**AFFIRMED.**